Opinion filed May 10, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed May 10, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00095-CV 

                                                    __________

 

                                  APPARAJAN GANESAN, Appellant

                                                             V.

                       FAYE
ROSS AND GAYLE ANDERSON, Appellees

 



 

                                             On
Appeal from the 32nd District Court

                                                           Mitchell
County, Texas

                                                      Trial
Court Cause No. 14829

 



 

                                             M
E M O R A N D U M   O P I N I O N

Apparajan Ganesan is an inmate in the Texas
Department of Corrections.  Ganesan filed
suit in Childress
 County against several
defendants because he was forced to provide a blood sample for DNA
purposes.  Faye Ross and Gayle Anderson
appeared and filed a motion to transfer venue. 
The trial court granted their motion and transferred the case to Mitchell County. 
Ross and Anderson then filed a motion to dismiss.  The Mitchell County
trial court granted this motion and dismissed all claims against them.  Ganesan appealed, complaining of the venue
transfer and the dismissal order. 
Because Ganesan did not exhaust his administrative remedies before suing
Ross and Anderson, we affirm.








Ganesan was convicted of solicitation to murder
his spouse and was sentenced to ten years imprisonment.  See Ganesan v. State, 45 S.W.3d 197
(Tex. App.CAustin
2001, pet. ref=d).  Ganesan alleges that on May 9, 2002, a DNA
sample was forcibly taken from him while he was incarcerated at the Roach Unit.[1]  He filed a grievance complaining that,
because he was convicted of solicitation of murder rather than attempted
murder, he was not required to provide a DNA sample.  The Texas Department of Criminal Justice and
the Texas Department of Public Safety notified him by separate correspondence
dated June 19, 2002, that his DNA sample and all records pertaining to it had
been destroyed.  Ganesan advises this
court that he then filed suit in late 2002 against several individuals B but not including Ross or Anderson B to ensure that his records had been
purged and to prevent any further attempts to illegally collect a DNA
sample.  Ganesan was subsequently moved
to the Sander Estes Unit, to the Neal Unit, and then to the Wallace Unit.  Ganesan alleges that each time he was moved
prison officials at the receiving unit attempted to collect a DNA sample.  Ganesan contends that on May 25, 2005, after
he arrived at the Wallace Unit, Ross and Anderson
attempted to obtain a DNA sample and that they threatened him when he did not
cooperate.  Ganesan added Ross and
Anderson as parties on May 31, 2005.

Inmates are provided a grievance system and are
required to exhaust their administrative remedies under this system prior to
filing suit.  Tex. Gov=t Code Ann. '
501.008 (Vernon 2004). Ganesan=s
original petition alleged a cause of action under 42 U.S.C. ' 1983. 
Federal law requires inmates to exhaust any available administrative
remedy before bringing a Section 1983 action. 
42 U.S.C. '
1997e(a).  Ganesan=s
grievance was filed in 2002, and the relief he requested B destroying his sample and DNA record
and providing him with verifiable notification of this action B was granted.  The acts he alleges that Ross and Anderson
took occurred approximately three years later and, therefore, were not
described in that grievance.








Ganesan argues, citing Johnson v. Johnson,
385 F.3d 503 (5th Cir. 2004), that he was not required to file a new grievance
each time he was moved to a new unit and a new attempt was made to take a DNA
sample.  Johnson involved an
individual who alleged that he was repeatedly beaten and sexually assaulted
during an eighteen-month period of incarceration.  Johnson contended that prison officials
failed to protect him by housing him in safekeeping even though they knew that
he was at-risk for violence and even though he reported several incidents of
violence and abuse.  The Fifth Circuit
noted that inmates were required to exhaust their administrative remedies so
that prison officials were given time and opportunity to address complaints internally.  Id.
at 516.  Because TDCJ officials knew that
Johnson was allegedly being repeatedly assaulted and had been denied a transfer
to safekeeping status, it was unnecessary for him to file a new grievance after
each assault.  Id. at 521.  This ruling, however, was limited to
complaints about ongoing physical abuse by the general prison population.  The court held that it did not extend to
specific allegations of misconduct by two prison guards because Johnson=s grievances would not have alerted
prison officials to their behavior or given them the opportunity to remedy any
misconduct.  Id. at 522.

Ganesan=s
2002 grievance alerted prison officials to his complaint that he had been
illegally forced to provide a DNA sample at the Roach Unit.  That grievance did not, and obviously could
not, have advised them that subsequent attempts would be made to take DNA
samples at other units or that other prison officials would improperly threaten
him if he did not cooperate.  Even
considering Ganesan=s factual
statements that have no supporting record reference and each document in his
appendix, there is no indication that Ganesan ever filed a grievance
complaining of Ross and Anderson=s
actions.  Consequently, prison officials
were never given the opportunity to investigate their behavior or remedy any
misconduct, and Ganesan failed to exhaust his administrative remedies before
suing them.

Because Ganesan failed to exhaust his
administrative remedies before suing Ross and Anderson, his claims against them
are barred by Section 501.008 and Section 1997e(a).  The trial court did not err when it granted Ross
and Anderson=s motion to dismiss.  Ganesan=s
first issue is overruled.  This ruling
makes it unnecessary to address the remainder of Ganesan=s
issues.  Tex. R. App. P. 47.1.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

May 10, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Ganesan=s briefing is replete with factual
references B but no citations to the record, and
his appendix contains documents that are beyond the record.  Because the operative facts are clear and
undisputed, we will exercise our discretion to consider this material rather
than order Ganesan to file briefs in compliance with the rules.